Houck, J.
This case was originally one in mandamus. The defendant in error here was the plaintiff in the court below.
The petition states that W. C. Bowers, the plaintiff, had taught school in the public schools of Ohio ' for thirty-five full years; that he served as superintendent of the public schools of the city of Zanesville, Ohio, from January, 1910, to August 31, 1917, on which last named date his contract for such employment expired; that he was an applicant for re-employment as such superintendent and was then and is now willing to continue in the service of the board of education of said school district; that he was not re-employed as such superintendent and the board of education failed to re-employ him in that capacity or any other capacity whatsoever; that he was a contributor to the school teachers’ pension fund of said school district, which was duly created by said board of education in January, 1914, in accordance with the provisions of Chapter 9, Title V, Part Second, of the General Code of Ohio, which said fund is under the control of the defendant; that all his contributions to said pension fund were made under the provisions of said General Code and he in all respects fully complied with the same; and that upon failure of said board of education; to re-employ him he demanded of defendant the allowance and payment to him of a pension as provided in Chapter 9, Title V, Part Second, of the General Code.
Plaintiff further says that he is not able to pay into such fund the full amount of the difference between the sums he contributed to said fund and $600, as provided in Section 7884, General Code, *141 and has requested the defendant to withhold 20 per cent, of each monthly payment until the full amount of $600 has been by him contributed to the fund.
Plaintiff therefore prays that a writ of mandamus issue compelling defendant to pay him out of said pension fund, at the rate of $437.75 annually, during the remainder of his natural life, payable $43.75 each month of the ten months of the school year, less 20 per cent, each month, until such time as the 20 per cent, of said monthly payments and the sums heretofore contributed by plaintiff shall aggregate the sum of $600.
The defendant below, the plaintiff in error here, filed an amended answer, in which all of the material allegations are admitted, and as an affirmative defense says:
“The board of education by refusing to reemploy the plaintiff as the superintendent of said school after August 31, 1917, did not purpose or intend to retire the plaintiff or to place the plaintiff upon the pension list of said school district of Zanesville, Ohio, but that on the contrary said board of education refused to continue said employment because said board of education, in good faith, believed that said plaintiff was not sufficiently progressive or competent to discharge the duties of said employment, and said board of education, in good faith, intended and purposed to employ a competent and progressive man as superintendent of said schools; that plaintiff is not under any physical or mental disability and is capable of many years of faithful service as teacher in a satisfactory manner, and the *142 said plaintiff is not, therefore, entitled to be pensioned under the provisions of the General Code of Ohio.”
To the amended answer a general demurrer was filed and sustained by the trial court. The defendant not wishing to plead further, a judgment in favor of the relator was entered.
The plaintiff, in error seeks a reversal of the judgment for the following reasons:
First. That the petition is not sufficient in law, for the reason that there is no allegation that plaintiff was,a teacher in the public “day” schools of Ohio.
Second. That the allegations of fact in the petition are not sufficient in law to authorize a court to grant the relief prayed for.
Third. That the affirmative defense set out in the amended answer is a good defense in fact and law.
Is it necessary, in law, that the petition should affirmatively state that the plaintiff had been a teacher in the public “day” schools of Ohio in order to be entitled to a pension as a teacher in the public schools ?
A public school is defined as:
“A school that derives its support entirely or in part from moneys raised by a general state, county, or district tax.”
We think the term “public school,” as generally accepted, is one which is supported and sustained in whole or in part by public taxation, and which is regulated by statutory law; that by common use it refers to and at least includes what are known and *143 designated as “day” schools; and although the statute may be silent as to whether it is a “day” or a “night” school, yet we are satisfied the legislative intent was and is that the expression “public school” should and does include “day” schools.
It is clear to us that any other construction would be meaningless.
The interpretation and construction sought to be fastened upon the words “public school,” by counsel for plaintiff in error, appear to us to be too narrow and technical and thus not tenable. When we refer to a public school teacher, it is by common consent and general approval that we have in mind that such person is connected with the “day” schools.
As a general rule, the words of a statute are to be taken in their ordinary and popular sense, unless it plainly appears from the context or otherwise that they were to be used in a different sense.
If we apply this rule of construction, in the present case, we must find the claim of learned counsel for plaintiff in error not well founded.
This leads us to the second alleged error: Are the allegations of fact, in the petition, sufficient in law?
The relator plants his rights in the premises upon the last part of Section 7891, General Code, which reads:
“Buf if any teacher who has taught for a period aggregating twenty years is not re-employed by the board of education, such failure to re-employ shall be deemed his retiring, and such teacher shall be entitled to a pension according to the provisions of this act,”
*144 An examination of the allegations of the petition, and, in fact, the conceded facts in the case, clearly show that the relator has done everything necessary to obtain a teacher’s pension. His right to such depends upon the establishment of such a fund. This was done. His contribution to the same as provided by law he has fully complied with, as well as all other things required of him. It was necessary that all of them be done in order that he bring himself within the provisions of the pension act. This being done he is entitled to its benefits.
We hold that Section 7891, General Code, designates two ways of refunding to teachers money paid by them into the pension fund; also provides one way in which a teacher becomes entitled to a pension.
In order to be entitled to a pension he must have taught twenty years. We find no limitations or exceptions placed upon this language; and it must be conceded that if we give to it its ordinary import and construction, said period of teaching is not confined to the district in which the pension fund has been established. It means just what the words and language upon their face convey to the reader thereof, namely: twenty years teaching experience, somewhere, and some place.
The, next requirement is that he has not been reemployed by the board of education. As to this the language of the statute is:
“Such failure to re-employ shall be deemed his retiring, and such teacher shall be entitled to a pension according to the provisions of this act.”
*145 There is nothing indefinite and uncertain about this statute; but it is clear, plain and unambiguous.
It was the duty of the board of education to ascertain, if it desired to know, the teaching experience of the relator, prior to its employing him. But it was bound to know the law, and as a matter of fact it is immaterial as to whether it knew the length of time its employe had taught prior to his contract of service with said board of education.
The relator had done everything required of him under the pension law. The board of education refused to re-employ him, and by a provision of the statutory law of Ohio, this act on the part of the board of education retired said relator and he thereby was entitled to a pension.
As to the third alleged error. Were the pleaded facts of the amended answer sufficient in law? This is answered in the negative.
To us the amended answer savors of “a plea of confession and avoidance.” The defendant below, to avoid liability in the premises, says:
“The board of education by ' refusing to reemploy the plaintiff * * * did not purpose or intend to retire the plaintiff or to place the plaintiff upon the pension list.”
The law fixes the intent of the board of education by its acts, and it cannot escape its legal liability in the premises by a failure to know the law.
The answer further says:
“Said board of education refused to continue said employment because said board of education, in good faith, believed that said plaintiff was not *146 sufficiently progressive or competent to discharge the duties of said employment, and * * * intended and purposed to employ a competent and progressive man,” etc.
We are wholly unable to see how the good or bad intentions of a board of education can change the provisions of the last paragraph of Section 7891, General Code.
A board of education can neither add to nor take from the plain provisions of the pension act now under consideration; and its intentions can not set aside the requirements of statutory law.
We deem it unnecessary to further review the facts and the law in this case. The record presents no prejudicial error. The court below found the facts and the law in favor of the relator, and it is the unanimous opinion of this court that the trial judge was right in allowing the writ of mandamus to issue and in granting all the relief prayed for in the petition. The judgment of the common pleas court is affirmed. -

Judgment affirmed.

Shields and Patterson, JJ., concur.